IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>UNITED ROAD TOWING, INC. *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-10249 (LSS)<br><br>Jointly Administered<br><br>Ref. Docket Nos. 57, 153, 278, 279 & 318 |

**SUPPLEMENTAL ORDER (I) APPROVING ASSET PURCHASE
AGREEMENT AND AUTHORIZING SALE OF CERTAIN ASSETS OF DEBTORS'
OUTSIDE THE ORDINARY COURSE OF BUSINESS; (II) AUTHORIZING
THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS,
ENCUMBRANCES AND INTERESTS; (III) AUTHORIZING THE ASSUMPTION,
SALE AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF [DOCKET NO. 279]**

Upon the motion (the "**Motion**") of the above-captioned debtors and debtors-in-possession (the "**Debtors**") for an order, under sections 105(a), 363, 365, 503, and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007, 9008, and 9014 and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, authorizing and approving, among other things, (a) the proposed sale of substantially all of the Debtors' assets (defined as the Acquired Assets in the Purchase Agreement) free and clear of all Liens, Claims, and Encumbrances other than Assumed Liabilities and Permitted Liens; (b) entry into an Asset Purchase Agreement with Medley Capital

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: United Road Towing, Inc. (6962); URT Holdings, Inc. (8341); City Towing Inc. (2118); URS West, Inc. (3518); Bill & Wags, Inc. (3518); Export Enterprises of Massachusetts, Inc. (5689); Pat's Towing, Inc. (6964); Keystone Towing, Inc. (6356); Ross Baker Towing, Inc. (9742); URT Texas, Inc. (3716); Mart-Caudle Corporation (1912); Signature Towing, Inc. (3054); WHW Transport, Inc. (3055); URS Southeast, Inc. (7289); URS Northeast, Inc. (7290); URS Southwest, Inc. (7284); Fast Towing, Inc. (5898); E & R Towing and Garage, Inc. (8500); Sunrise Towing, Inc. (7160); Ken Lehman Enterprises Inc. (1970); United Road Towing South Florida, Inc. (9186); Rapid Recovery Incorporated (1659); United Road Towing Services, Inc. (2206); Arri Brothers, Inc. (7962); Rancho Del Oro Companies, Inc. (3924); CSCBD, Inc. (2448); URS Leasing, Inc. (9072); UR VMS, LLC (4904); UR Vehicle Management Solutions, Inc. (0402). The Debtors' mailing address is c/o United Road Towing, Inc., 9550 Bormet Drive, Suite 301, Mokena, Illinois 60448.

Corporation, a Delaware corporation (collectively, with any nominee or designee thereof, including but not limited to URT Acquisition Holdings Corporation, the "**Purchaser**"), dated April 13, 2017, a copy of which is attached to the Sale Order (defined below) as Exhibit 1 (the "**Purchase Agreement**"); and (c) the assumption and assignment of the Assumed Contracts to the Purchaser; and this Court having entered the *Order (I) Approving Asset Purchase Agreement and Authorizing Sale Of Certain Assets of Debtors' Outside the Ordinary Course of Business; (II) Authorizing the Sale of Assets Free and Clear off All Liens, Claims, Encumbrances and Interests; (III) Authorizing the Assumption, Sale and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief* [Docket No. 279] (the "**Sale Order**"),[2] which approved the Motion and the Debtors' entry into the Purchase Agreement and adjourned certain objections to the Motion as identified in Paragraph 36 (vii), (viii) and (ix) of the Sale Order to allow the Debtors, the Purchaser, and certain contract counterparties that objected to the Sale to resolve their respective objections; and the Debtors, the Purchaser, and the contract counterparties having agreed to the resolution of their respective objections as more fully set forth herein; and the findings of fact and conclusions of law set forth in the Sale Order are incorporated herein as if fully stated and ordered herein and all matters; and after due deliberation and consideration, and for good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

**I.      City of Chicago Objection (Sale Order ¶ 36(iii)).**

1. Subject to the occurrence of the Closing, the Debtors are hereby authorized, pursuant to 11 U.S.C. §§ 105 and 365, to assume and assign to the Purchaser, the Chicago Contracts and the Chicago Contracts shall constitute Assumed Contracts under the

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Sale Order.

Purchase Agreement effective as of the Closing Date; <u>provided however</u>, the Chicago Contracts will be deemed "Assumed Contracts Not Transferred at Closing" under the Transition Services Agreement between the Debtors and the Purchaser and shall only transfer upon receipt by the applicable Purchaser of the licenses set forth on **Exhibit A** attached hereto.

2. Notwithstanding anything to the contrary in paragraph 20 of the Sale Order, effective as of the Closing, Purchaser shall assume the Debtors' obligations under the Chicago Contracts, including any indemnity obligations set forth therein, regardless of whether arising from acts occurring prior to or after the Closing Date.

3. Notwithstanding anything herein to the contrary, to the extent that Medley Capital Corporation ("**Medley**"), URT Acquisition Holdings Corporation ("**Holdings**") or URT E&R Towing, Inc. ("**New E&R**") seek to assign the Chicago Contracts to another entity other than a direct or indirect subsidiary of Medley, Holdings, or New E&R, such assignment may only be with the consent of the City of Chicago, to the extent provided in the Chicago Contracts.

II. **Texas Towing, LLC Cure Amount (Sale Order ¶ 36(vii))**.

4. Notwithstanding anything to the contrary on the Assumption Notice, the Cure Amount for the subcontract for towing services with Texas Towing, LLC (the "**Texas Towing Contract**") through March 31, 2017 shall be $178,884.83, which shall be paid in accordance with the prevailing payment terms under the Texas Towing Contract. Any amount coming due under the Texas Towing Contract for the period after April 1, 2017 shall be determined by the Purchaser and Texas Towing, LLC and paid in accordance with the prevailing payment terms under the Texas Towing Contract.

## II. Chubb Companies' Objection (Sale Order ¶ 36(viii)).

5. Notwithstanding anything to the contrary in the Sale Order, the Purchase Agreement, or any other order or document related to the foregoing (other than the Chubb Assumption Agreement (as defined below)), and subject to (x) the execution of the Chubb Assumption Agreement (as defined below) by the Debtors, the Purchaser and Chubb (as defined below), (y) the satisfaction of the conditions to effectiveness to the Chubb Assumption Agreement, and (z) the occurrence of the Closing:

(a) Effective as of the Closing, the Debtors are hereby authorized to and shall assume, pursuant to 11 U.S.C. §§ 105 and 365, all insurance policies issued by ACE American Insurance Company, Illinois Union Insurance Company, Westchester Surplus Lines Insurance Company, Insurance Company of North America, Indemnity Insurance Company of North America, Chubb Custom Insurance Company and/or any of the affiliates or successors of the foregoing (collectively, "**Chubb**") to (or providing coverage to) one or more of the Debtors and/or their predecessors at any time and all related program, collateral and security, claims servicing and other agreements between Chubb, on the one hand, and any of the Debtors, on the other hand (collectively, the "**Chubb Insurance Policies and Agreements**");

(b) Effective as of the Closing, the Debtors are hereby authorized to and shall assign the Chubb Insurance Policies and Agreements to the Purchaser and to enter into an assumption agreement by and among the Debtors, the Purchaser and Chubb (in form and substance satisfactory to Chubb, the "**Chubb Assumption Agreement**," a copy of which is attached hereto as **Exhibit B**) with respect to such assignment; and

(c) Effective upon the assignment of Chubb Insurance Policies and Agreements and as more fully set forth in the Chubb Assumption Agreement:

 i. the Purchaser assumes and shall be liable for any and all now existing or hereafter arising obligations, liabilities, duties, terms, provisions, and covenants of any of the Debtors under the Chubb Insurance Policies and Agreements, including, without limitation, any and all liability and obligation to pay losses and expenses within the deductibles, provide collateral and/or security as required by Chubb, pay premium to Chubb, and pay service fees to the applicable third party claims administrator. As between the Debtors and the Purchaser, any such amounts outstanding as of the Closing shall be treated as "Cure Amounts" under the Purchase Agreement;

    ii. the rights and interests of the Debtors in any and all Collateral (as defined in the Chubb Assumption Agreement) shall be transferred and assigned to the Purchaser, and all right, title and interest of the Debtors in the Chubb Insurance Policies and Agreements and the Collateral shall terminate;

    iii. the Collateral shall secure the insureds' and/or the Purchaser's obligations and liabilities under the Chubb Insurance Policies and Agreements; and

    iv. the Purchaser and the Debtors shall remain jointly obligated to cooperate with Chubb in providing information reasonably necessary for premium audits or claims handling under the Chubb Insurance Policies and Agreements.

(d) Effective as of the Closing, the Chubb Insurance Policies and Agreements shall be deemed to be "Acquired Assets" and "Assumed Contracts."

(e) Except to the extent specifically addressed in this paragraph or in the Chubb Assumption Agreement (once effective in accordance with its terms), nothing shall amend, modify or otherwise alter the terms and conditions of the Chubb Insurance Policies and Agreements, the Sale Order or the Purchase Agreement.

### III.     Surety Objections (Sale Order ¶ 36(ix)).

6. Subject to (i) the execution by the Purchaser, and acceptance by the Surety, in writing, of a new indemnity agreement in form and substance satisfactory to the Surety in its sole and absolute discretion; and (ii) the occurrence of the Closing:

(a) Effective as of the Closing, the Debtors are hereby authorized to assume and assign to the Purchaser, pursuant to 11 U.S.C. §§ 105 and 365, all of the outstanding surety bonds issued by Platte at the request and on behalf of any of the Debtors (collectively, the "**Bonds**"); provided however, that Purchaser pays the Cure Amount of $29,638.50 (representing the fees and expenses of counsel that are payable under the Assumed Contracts to which the Surety is a party arising or accrued through April 24, 2017) plus (i) any premiums due or past due under the Bonds as of March 31, 2017 and (ii) any reasonable fees and expenses of counsel that are payable under the Assumed Contracts to which the Surety is a party arising or accruing after April 24, 2017 through the Closing (in an amount not to exceed $7,500), so as to be actually received by Platte within one (1) Business Day after the Closing as set forth in section 2.6(d) of the Asset Purchase Agreement, provided further however that the amount in clause (ii) of the preceding proviso will be paid within ten (10) Business Days of Closing; and

(b) Upon such assumption and assignment, the Bonds shall be deemed Acquired Assets and Assumed Contracts under the Purchase Agreement.

IV. **Additional Wells Fargo Equipment Finance Lease**

7. Notwithstanding anything to the contrary on the Assumption Notice or Purchase Agreement, the Single Sided Lease Agreement between the Debtor E & R Towing Garage Inc. and Wells Fargo Equipment Finance, Manufacturer Services Group, dated November 26, 2012, shall be an Assumed Contract and the Cure Amount for such Assumed Contract shall be $0.

V. **General Provisions**

8. Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and the notice requirements of Bankruptcy Rule 4001(d) are hereby waived.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10. This Court shall retain exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation and enforcement of this Order.

Dated: April 27, 2017
Wilmington, Delaware

HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE