**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re** | : Chapter 11 |
| **OLD TOWING COMPANY *et al.*,** | : Case No. 17-10249 (LSS) |
| **Debtors.**[1] | : Jointly Administered |
| | : **Re: Docket No. 337** |

**CERTIFICATION OF COUNSEL REGARDING REVISED DISMISSAL ORDER**

On May 8, 2017 the Debtors filed the *Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105(a), 305(a), 349, 363, 554 and 1112(b) and Fed. R. Bankr. P. 1017(a) (A) Dismissing the Debtors' Chapter 11 Cases and (B) Granting Related Relief* [D.I. 337] (the "Motion"). Attached to the Motion as Exhibit A is a proposed form of order (the "Proposed Order") granting the Motion. The deadline to object to the Motion was May 24, 2017 at 4:00 p.m. (ET) (the "Objection Deadline").

Subsequent to filing the Motion and prior to the Objection Deadline, the Debtors received informal comments to the motion from the Chubb Companies and a formal objection from Edie Von Kriegenbergh [D.I. 327] (the "Responses"). Both of the Responses concerned retention of the Debtors' documents. No other responses or objections to the Motion have been received.

1 The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Old Towing Company (6962); URT Holdings, Inc. (8341); City Towing Inc. (2118); URS West, Inc. (3518); Bill & Wags, Inc. (3518); Export Enterprises of Massachusetts, Inc. (5689); Pat's Towing, Inc. (6964); Keystone Towing, Inc. (6356); Ross Baker Towing, Inc. (9742); URT Texas, Inc. (3716); Mart-Caudle Corporation (1912); Signature Towing, Inc. (3054); WHW Transport, Inc. (3055); URS Southeast, Inc. (7289); URS Northeast, Inc. (7290); URS Southwest, Inc. (7284); Fast Towing, Inc. (5898); E & R Towing and Garage, Inc. (8500); Sunrise Towing, Inc. (7160); Ken Lehman Enterprises Inc. (1970); United Road Towing South Florida, Inc. (9186); Rapid Recovery Incorporated (1659); United Road Towing Services, Inc. (2206); Arri Brothers, Inc. (7962); Rancho Del Oro Companies, Inc. (3924); CSCBD, Inc. (2448); URS Leasing, Inc. (9072); UR VMS, LLC (4904); UR Vehicle Management Solutions, Inc. (0402). The Debtors' mailing address is c/o Old Towing Company, 9550 Bormet Drive, Suite 301, Mokena, Illinois 60448.

To resolve the Responses related to document retention, the Debtors confirm that all of the Debtors' records related to the operation of their business were sold to and are in the possession of the Purchaser (as defined in the Motion) and are being kept consistent with the company's document retention policies. Such confirmation, and in the case of Chubb Companies only, certain revisions to the Proposed Order reflected on **Exhibit A** hereto (the "Revised Proposed Order"),[2] resolve the issues that both parties raised in their Responses and, as such, those parties do not object to the Court's entry of the Revised Proposed Order. The Revised Proposed Order also contains revisions the Debtors made at the request of the Purchaser to provide that certain Debtors' cases will remain open while those Debtors continue to provide transition services to the Purchaser.

*[Remainder of page intentionally left blank]*

[2] For the convenience of the Court and other parties in interest, a blackline reflecting the changes in the Revised Proposed Order from the Proposed Order has been attached hereto as **Exhibit 2**.

WHEREFORE, the Debtors respectfully request that the Court enter the Revised Proposed Order, attached hereto as **Exhibit 1**, at the earliest convenience of the Court without further notice or hearing.

Dated: May 26, 2017
Wilmington, Delaware

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Ryan M. Bartley*
M. Blake Cleary (No. 3614)
Ryan M. Bartley (No. 4985)
Andrew L. Magaziner (No. 5426)
Kenneth A. Listwak (No. 6300)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

WINSTON & STRAWN LLP
Daniel J. McGuire
Grace D. D'Arcy
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Carrie V. Hardman
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

*Counsel for Debtors and*
*Debtors in Possession*

**EXHIBIT 1**

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re** | Chapter 11 |
| **OLD TOWING COMPANY *et al.*,** | Case No. 17-10249 (LSS) |
| **Debtors.**[1] | Jointly Administered |
| | **Ref. Docket No.___** |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 305(a), 349, 363, 554, AND 1112(b) AND BANKRUPTCY RULE 1017(a) (A) DISMISSING CERTAIN OF THE DEBTORS' CHAPTER 11 CASES AND APPROVING A PROCEDURE FOR DISMISSAL OF THE REMAINING CHAPTER 11 CASES AND (B) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of orders, pursuant to sections 105(a), 305(a), 349, 363, 554 and 1112(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 1017(a) and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) dismissing the Chapter 11 Cases and (b) granting related relief, including, without limitation, (i) authorizing, but not directing, the Debtors, to abandon and destroy the Books and Records, (ii) approving procedures for filing and approving final fee applications and providing for payment of approved fees, and (iii) directing

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Old Towing Company (6962); URT Holdings, Inc. (8341); City Towing Inc. (2118); URS West, Inc. (3518); Bill & Wags, Inc. (3518); Export Enterprises of Massachusetts, Inc. (5689); Pat's Towing, Inc. (6964); Keystone Towing, Inc. (6356); Ross Baker Towing, Inc. (9742); URT Texas, Inc. (3716); Mart-Caudle Corporation (1912); Signature Towing, Inc. (3054); WHW Transport, Inc. (3055); URS Southeast, Inc. (7289); URS Northeast, Inc. (7290); URS Southwest, Inc. (7284); Fast Towing, Inc. (5898); E & R Towing and Garage, Inc. (8500); Sunrise Towing, Inc. (7160); Ken Lehman Enterprises Inc. (1970); United Road Towing South Florida, Inc. (9186); Rapid Recovery Incorporated (1659); United Road Towing Services, Inc. (2206); Arri Brothers, Inc. (7962); Rancho Del Oro Companies, Inc. (3924); CSCBD, Inc. (2448); URS Leasing, Inc. (9072); UR VMS, LLC (4904); UR Vehicle Management Solutions, Inc. (0402). The Debtors' mailing address is c/o Old Towing Company, 9550 Bormet Drive, Suite 301, Mokena, Illinois 60448.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Debtors to be dissolved on the terms provided for herein; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(b) and the Amended Standing Order; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2) in which the Court may enter a final order; and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion being sufficient; and the Court having conducted a hearing on the Motion at which time all parties in interest were given an opportunity to be heard; and any objections filed with respect to the Motion having been withdrawn or overruled by the Court or resolved by the terms of this Order; and after due deliberation and sufficient cause appearing therefor; **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. The Motion is granted as set forth herein.

2. Pursuant to sections 1112(b) and 305(a) of the Bankruptcy Code, the Chapter 11 Cases of the following Debtors are dismissed, effective immediately: URT Holdings, Inc.; URS West, Inc.; URS Southeast, Inc.; URS Northeast, Inc.; URS Southwest, Inc.; Fast Towing, Inc.; United Road Towing Services, Inc.; Arri Brothers, Inc.; Rancho Del Oro Companies, Inc.; CSCBD, Inc.; URS Leasing, Inc.; and UR VMS, LLC. Such Debtors whose cases are dismissed are referred to herein as the "Dismissed Debtors" and such Debtors whose cases shall remain pending after entry of this order are referred to as the "Remaining Debtors."

3. Any of the Remaining Debtors, other than Old Towing Company, are further authorized to submit an order (substantially in the form of the Final Dismissal Order) dismissing such Remaining Debtor's case prior to requesting entry of the Final Dismissal Order to the extent that such Remaining Debtor has ceased providing services to the Purchaser under

the transition services agreement entered into in connection with the APA. Such order shall be submitted under certification of counsel in accordance with paragraph 6 of this Order.

4. A final omnibus fee hearing will be held on June 27, 2017 at 2:00 p.m. (prevailing Eastern time) (the "Final Fee Hearing"). Not later than twenty (21) days prior to the Final Fee Hearing, all professionals retained in the Chapter 11 Cases shall file final requests for allowance and payment of all fees and expenses incurred during the Chapter 11 Cases (the "Final Fee Applications") in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware and otherwise in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [D.I. 159] so as to be heard at the Final Fee Hearing. Any objections to the Final Fee Applications shall be filed and served on counsel for the Debtors and the firm submitting the application to which an objection is being filed by 4:00 p.m. (prevailing Eastern Time) on June 20, 2017.

5. As soon as is practicable after the Final Fee Hearing, payment of professionals, and the payment of U.S. Trustee fees, Old Towing Company and any of the other Remaining Debtors whose cases remain open at that time shall file a certification (a "Certification") of counsel requesting entry of the Final Dismissal Order attached hereto as **Exhibit 1**. Among other things, the Certification should certify that (i) all quarterly fees of the U.S. Trustee have been paid in full and (ii) the fees and expenses of professionals in these Chapter 11 cases have been approved on a final basis and paid.

6. With respect to the Final Dismissal Order and any other dismissal order the Remaining Debtors seek prior to the entry of the Final Dismissal Order, the applicable certification of counsel and this Order may be served on the general service list established in

these Chapter 11 Cases, including the U.S. Trustee, and the Remaining Debtors need not send the Certification to the Debtors' entire matrix of creditors and parties-in-interest, as such parties received reasonable notice of the proposed dismissal through notice of the hearing on the Motion. Except as set forth herein, no other notice or hearing shall be required to seek dismissal of the Chapter 11 Cases of the Remaining Debtors.

7. The Remaining Debtors are authorized to modify the footnote of the caption in the jointly administered cases of the Remaining Debtors to remove the names of any Dismissed Debtors.

8. Notwithstanding section 349 of the Bankruptcy Code, all orders of this Court entered in the Chapter 11 Cases on or before the entry of this Order, in the case of the Dismissed Debtors, or the Final Dismissal Order, in the case of the Remaining Debtors, (including, but not limited to, the Sale Order[3]) shall remain in full force and effect (including, without limitation, any releases, injunctions and successor liability provisions provided for in the Sale Order) and shall survive the dismissal of the Chapter 11 Cases.

9. To the extent that any cash consideration remains unused after the dismissal of these Chapter 11 Cases, such unused amount (the "<u>Professional Fee Reserve</u>") shall be placed in an account and used to pay any professional fees that may arise in connection with these Chapter 11 Cases after their dismissal. If (a) no such fees arise or (b) any amounts remain in the Professional Fee Reserve after payment of those fees, the Professional Fee Reserve shall

[3] For purposes of this Order, the term "Sale Order" shall include not only the Sale Order as defined in the Motion, but also that certain *Supplemental Order (I) Approving Asset Purchase Agreement and Authorizing Sale of Certain Assets of Debtors' Outside the Ordinary Course of Business; (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (III) Authorizing the Assumption, Sale, and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief* [D.I. 279] entered on April 27, 2017.

be the property of and distributed to the Prepetition Term Agent, pursuant to the order of the Court, dated April 12, 2017 [D.I. 274].

10. Notwithstanding the dismissal of any Chapter 11 Case, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation of this or any other Order of this Court entered in the Chapter 11 Cases.

11. Pursuant to sections 105(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6007, the Dismissed Debtors are authorized, but not directed, to abandon and destroy, or cause to be abandoned and destroyed, any and all of the Books and Records.

12. As soon as reasonably practicable after the entry of this Order, without the need for further action on the part of this Court and without the need for further corporate action or action of the boards of directors or stockholders of the Dismissed Debtors, to the extent not previously dissolved, the Dismissed Debtors shall be dissolved pursuant to applicable state law, and the Dismissed Debtors shall not be required to pay any taxes or fees in order to cause such dissolution. Any officer of the Debtors is authorized to execute and file on behalf of the Debtors all documents necessary and proper to effectuate and consummate the dissolution of the Remaining Debtors in accordance with the laws of the states in which they is formed.

13. Effective upon the entry of the Final Dismissal Order, the Remaining Debtors' retention of Young Conaway Stargatt & Taylor, LLP and Winston & Strawn LLP as bankruptcy counsel shall be terminated without the need for further action on the part of this Court, the Debtors or such firms.

14. The Debtors are hereby authorized and empowered to take any and all steps necessary and appropriate to effectuate the terms of this Order.

15. To the extent applicable, Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure are waived and this Order shall be effective and enforceable immediately upon entry.

Dated: ______________________, 2017
Wilmington, Delaware

______________________________________
LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

## Final Dismissal Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re** | Chapter 11 |
| **OLD TOWING COMPANY *et al.*,** | Case No. 17-10249 (LSS) |
| **Debtors.**[1] | Jointly Administered |
| | **Ref. Docket Nos.___** |

**ORDER DISMISSING THE REMAINING CHAPTER 11 CASE(S)**

Pursuant to the Debtors' *Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105(a), 305(a), 349, 363, 554 and 1112(b) and Fed. R. Bankr. P. 1017(a) (A) Dismissing the Debtors' Chapter 11 Cases and (B) Granting Related Relief* [D.I.__] (the "Motion")[2] and, the order [D.I __] granting the Motion entered on ____________, 2017, and the *Certification of Counsel and Request for Entry of an Dismissal Order* [D.I.__] **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. Pursuant to sections 1112(b) and 305(a) of the Bankruptcy Code, the Chapter 11 Case(s) of Debtor(s) [______] (the "Dismissed Debtor(s)", is (are) dismissed, effective immediately.

2. Notwithstanding section 349 of the Bankruptcy Code, all orders of this Court entered in any of the above-captioned Chapter 11 Cases on or before the entry of this

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Old Towing Company (6962); City Towing Inc. (2118); Bill & Wags, Inc. (3518); Export Enterprises of Massachusetts, Inc. (5689); Pat's Towing, Inc. (6964); Keystone Towing, Inc. (6356); Ross Baker Towing, Inc. (9742); URT Texas, Inc. (3716); Mart-Caudle Corporation (1912); Signature Towing, Inc. (3054); WHW Transport, Inc. (3055); E & R Towing and Garage, Inc. (8500); Sunrise Towing, Inc. (7160); Ken Lehman Enterprises Inc. (1970); United Road Towing South Florida, Inc. (9186); Rapid Recovery Incorporated (1659); UR Vehicle Management Solutions, Inc. (0402). The Debtors' mailing address is c/o Old Towing Company, 9550 Bormet Drive, Suite 301, Mokena, Illinois 60448.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Order (including, but not limited to, the Sale Order[3]) shall remain in full force and effect (including, without limitation, any releases, injunctions and successor liability provisions provided for therein) and shall survive the dismissal of any of these Chapter 11 Cases.

3. Effective immediately, the Debtors' retention of Young Conaway Stargatt & Taylor, LLP and Winston & Strawn LLP as bankruptcy counsel shall be terminated without the need for further action on the part of this Court, the Debtors or such firms.

4. Pursuant to sections 105(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6007, to the extent not previously authorized, the Dismissed Debtor(s) is (are) authorized, but not directed, to abandon and destroy, or cause to be abandoned and destroyed, any and all of the Books and Records belonging to the Dismissed Debtor(s).

5. As soon as reasonably practicable after the entry of this Order, without the need for further action on the part of this Court and without the need for further corporate action or action of the boards of directors or stockholders of the Dismissed Debtor(s), to the extent not previously dissolved, the Dismissed Debtor(s) shall be dissolved pursuant to applicable state law, and the Dismissed Debtor(s) shall not be required to pay any taxes or fees in order to cause such dissolution. Any officer of the Dismissed Debtor(s) is authorized to execute and file on behalf of the Dismissed Debtor(s) all documents necessary and proper to effectuate and consummate the dissolution of the Dismissed Debtor(s) in accordance with the laws of the states in which it (they) is (are) formed.

[3] For purposes of this Order, the term "Sale Order" shall include not only the Sale Order as defined in the Motion, but also that certain *Supplemental Order (I) Approving Asset Purchase Agreement and Authorizing Sale of Certain Assets of Debtors' Outside the Ordinary Course of Business; (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (III) Authorizing the Assumption, Sale, and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief* [D.I. 279] entered on April 27, 2017.

6. The Dismissed Debtor(s) is (are) hereby authorized and empowered to take any and all steps necessary and appropriate to effectuate the terms of this Order.

7. To the extent applicable, Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure are waived and this Order shall be effective and enforceable immediately upon entry.

8. Notwithstanding the dismissal of these Chapter 11 Cases, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation of this or any other Order of this Court entered in the Chapter 11 Cases.

Dated: ______________________, 2017
Wilmington, Delaware

______________________________________
LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 2**

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re** | Chapter 11 |
| **OLD TOWING COMPANY *et al.*,** | Case No. 17-10249 (LSS) |
| **Debtors.**[1] | Jointly Administered |
| | **Ref. Docket No.___** |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 305(a), 349, 363, 554, AND 1112(b) AND BANKRUPTCY RULE 1017(a) (A) DISMISSING CERTAIN OF THE DEBTORS' CHAPTER 11 CASES AND APPROVING A PROCEDURE FOR DISMISSAL OF THE REMAINING CHAPTER 11 CASES AND (B) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of orders, pursuant to sections 105(a), 305(a), 349, 363, 554 and 1112(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 1017(a) and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) dismissing the Chapter 11 Cases and (b) granting related relief, including, without limitation, (i) authorizing, but not directing, the Debtors, to abandon and destroy the Books and Records, (ii) approving procedures for filing and approving final fee applications and providing for payment of approved fees, and (iii) directing the Debtors to be dissolved on the terms provided for herein; and the Court having jurisdiction to

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Old Towing Company (6962); URT Holdings, Inc. (8341); City Towing Inc. (2118); URS West, Inc. (3518); Bill & Wags, Inc. (3518); Export Enterprises of Massachusetts, Inc. (5689); Pat's Towing, Inc. (6964); Keystone Towing, Inc. (6356); Ross Baker Towing, Inc. (9742); URT Texas, Inc. (3716); Mart-Caudle Corporation (1912); Signature Towing, Inc. (3054); WHW Transport, Inc. (3055); URS Southeast, Inc. (7289); URS Northeast, Inc. (7290); URS Southwest, Inc. (7284); Fast Towing, Inc. (5898); E & R Towing and Garage, Inc. (8500); Sunrise Towing, Inc. (7160 ); Ken Lehman Enterprises Inc. (1970); United Road Towing South Florida, Inc. (9186); Rapid Recovery Incorporated (1659); United Road Towing Services, Inc. (2206); Arri Brothers, Inc. (7962); Rancho Del Oro Companies, Inc. (3924); CSCBD, Inc. (2448); URS Leasing, Inc. (9072); UR VMS, LLC (4904); UR Vehicle Management Solutions, Inc. (0402). The Debtors' mailing address is c/o Old Towing Company, 9550 Bormet Drive, Suite 301, Mokena, Illinois 60448.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(b) and the Amended Standing Order; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2) in which the Court may enter a final order; and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion being sufficient; and the Court having conducted a hearing on the Motion at which time all parties in interest were given an opportunity to be heard; and any objections filed with respect to the Motion having been withdrawn or overruled by the Court or resolved by the terms of this Order; and after due deliberation and sufficient cause appearing therefor; **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. The Motion is granted as set forth herein.

2. Pursuant to sections 1112(b) and 305(a) of the Bankruptcy Code, the ~~Debtors'~~ Chapter 11 Cases~~, *except for* the case of Debtor Old Towing Company,~~ of the following Debtors are dismissed, effective immediately: URT Holdings, Inc.; URS West, Inc.; URS Southeast, Inc.; URS Northeast, Inc.; URS Southwest, Inc.; Fast Towing, Inc.; United Road Towing Services, Inc.; Arri Brothers, Inc.; Rancho Del Oro Companies, Inc.; CSCBD, Inc.; URS Leasing, Inc.; and UR VMS, LLC. Such Debtors whose cases are dismissed are referred to herein as the "Dismissed Debtors" and such Debtors whose cases shall remain pending after entry of this order are referred to as the "Remaining Debtors."

3. Any of the Remaining Debtors, other than Old Towing Company, are further authorized to submit an order (substantially in the form of the Final Dismissal Order) dismissing such Remaining Debtor's case prior to requesting entry of the Final Dismissal Order to the extent that such Remaining Debtor has ceased providing services to the Purchaser under



01:~~21949360.1~~21949360.4

the transition services agreement entered into in connection with the APA. Such order shall be submitted under certification of counsel in accordance with paragraph 6 of this Order.

4. ~~3.~~ A final omnibus fee hearing will be held on June 27, 2017 at 2:00 p.m. (prevailing Eastern time) (the "Final Fee Hearing"). Not later than twenty (21) days prior to the Final Fee Hearing, all professionals retained in the Chapter 11 Cases shall file final requests for allowance and payment of all fees and expenses incurred during the Chapter 11 Cases (the "Final Fee Applications") in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware and otherwise in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [D.I. 159] so as to be heard at the Final Fee Hearing. Any objections to the Final Fee Applications shall be filed and served on counsel for the Debtors and the firm submitting the application to which an objection is being filed by 4:00 p.m. (prevailing Eastern Time) on June 20, 2017.

5. ~~4.~~ As soon as is practicable after the Final Fee Hearing, payment of professionals, and the payment of U.S. Trustee fees, Old Towing Company and any of the other Remaining Debtors ~~may~~whose cases remain open at that time shall file a certification (a "Certification") of counsel requesting entry of the Final Dismissal Order attached hereto as **Exhibit 1**. Among other things, the Certification should certify that (i) all quarterly fees of the U.S. Trustee have been paid in full and (ii) the fees and expenses of professionals in these Chapter 11 cases have been approved on a final basis and paid.

6. ~~5. The Certification~~With respect to the Final Dismissal Order and any other dismissal order the Remaining Debtors seek prior to the entry of the Final Dismissal Order, the applicable certification of counsel and this Order may be served on the general service list

established in these Chapter 11 Cases, including the U.S. Trustee, and the Remaining Debtors need not send the Certification to the Debtors' entire matrix of creditors and parties-in-interest, as such parties received reasonable notice of the proposed dismissal through notice of the hearing on the Motion. Except as set forth herein, no other notice or hearing shall be required to seek dismissal of the Chapter 11 Cases of the Remaining Debtors.

7. The Remaining Debtors are authorized to modify the footnote of the caption in the jointly administered cases of the Remaining Debtors to remove the names of any Dismissed Debtors.

8. ~~6.~~ Notwithstanding section 349 of the Bankruptcy Code, all orders of this Court entered in the Chapter 11 Cases on or before the entry of this Order, in the case of the Dismissed Debtors, or the Final Dismissal Order, in the case of the Remaining Debtors, (including, but not limited to, the Sale Order[3]) shall remain in full force and effect (including, without limitation, any releases, injunctions and successor liability provisions provided for in the Sale Order) and shall survive the dismissal of the Chapter 11 Cases.

9. ~~7.~~ To the extent that any cash consideration remains unused after the dismissal of these Chapter 11 Cases, such unused amount (the "Professional Fee Reserve") shall be placed in an account and used to pay any professional fees that may arise in connection with these Chapter 11 Cases after their dismissal. If (a) no such fees arise or (b) any amounts remain in the Professional Fee Reserve after payment of those fees, the Professional Fee Reserve shall be the property of and distributed to the Prepetition Term Agent, pursuant to the order of the Court, dated April 12, 2017 [D.I. 274].

[3] For purposes of this Order, the term "Sale Order" shall include not only the Sale Order as defined in the Motion, but also that certain *Supplemental Order (I) Approving Asset Purchase Agreement and Authorizing Sale of Certain Assets of Debtors' Outside the Ordinary Course of Business; (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (III) Authorizing the Assumption, Sale, and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief* [D.I. 279] entered on April 27, 2017.



01:~~21949360.1~~21949360.4

10. ~~8.~~ Notwithstanding the dismissal of any Chapter 11 Case, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation of this or any other Order of this Court entered in the Chapter 11 Cases.

11. ~~9.~~ Pursuant to sections 105(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6007, the Dismissed Debtors are authorized, but not directed, to abandon and destroy, or cause to be abandoned and destroyed, any and all of the Books and Records.

12. ~~10.~~ As soon as reasonably practicable after the entry of this Order, without the need for further action on the part of this Court and without the need for further corporate action or action of the boards of directors or stockholders of the Dismissed Debtors, to the extent not previously dissolved, the Dismissed Debtors shall be dissolved pursuant to applicable state law, and the Dismissed Debtors shall not be required to pay any taxes or fees in order to cause such dissolution. Any officer of the Debtors is authorized to execute and file on behalf of the Debtors all documents necessary and proper to effectuate and consummate the dissolution of the Remaining Debtors in accordance with the laws of the states in which they is formed.

13. ~~11.~~ Effective upon the entry of the Final Dismissal Order, the Remaining Debtors' retention of Young Conaway Stargatt & Taylor, LLP and Winston & Strawn LLP as bankruptcy counsel shall be terminated without the need for further action on the part of this Court, the Debtors or such firms.

14. ~~12.~~ The Debtors are hereby authorized and empowered to take any and all steps necessary and appropriate to effectuate the terms of this Order.

15. ~~13.~~ To the extent applicable, Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure are waived and this Order shall be effective and enforceable immediately upon entry.

Dated: ______________________, 2017
Wilmington, Delaware

______________________________________
LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

## Final Dismissal Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re** | Chapter 11 |
| **OLD TOWING COMPANY *et al.*,** | Case No. 17-10249 (LSS) |
| **Debtors.**[1] | Jointly Administered |
| | **Ref. Docket Nos.___** |

**ORDER DISMISSING THE REMAINING CHAPTER 11 CASE OF OLD TOWING COMPANY(S)**

Pursuant to the Debtors' *Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105(a), 305(a), 349, 363, 554 Andand 1112(b) Andand Fed. R. Bankr. P. 1017(a) (A) Dismissing the Debtors' Chapter 11 Cases and (B) Granting Related Relief* [D.I.__] (the "Motion")[2] and, the order [D.I __] granting the Motion entered on ____________, 2017, and the *Certification of Counsel and Request for Entry of an Dismissal Order* [D.I.__] **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. Pursuant to sections 1112(b) and 305(a) of the Bankruptcy Code, the Chapter 11 Case(s) of Debtor Old Towing Company, is(s) [_______] (the "Dismissed Debtor(s)", is (are) dismissed, effective immediately.

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Old Towing Company (6962); URT Holdings, Inc. (8341); City Towing Inc. (2118); URS West, Inc. (3518); Bill & Wags, Inc. (3518); Export Enterprises of Massachusetts, Inc. (5689); Pat's Towing, Inc. (6964); Keystone Towing, Inc. (6356); Ross Baker Towing, Inc. (9742); URT Texas, Inc. (3716); Mart-Caudle Corporation (1912); Signature Towing, Inc. (3054); WHW Transport, Inc. (3055); URS Southeast, Inc. (7289); URS Northeast, Inc. (7290); URS Southwest, Inc. (7284); Fast Towing, Inc. (5898); E & R Towing and Garage, Inc. (8500); Sunrise Towing, Inc. (7160); Ken Lehman Enterprises Inc. (1970); United Road Towing South Florida, Inc. (9186); Rapid Recovery Incorporated (1659); United Road Towing Services, Inc. (2206); Arri Brothers, Inc. (7962); Rancho Del Oro Companies, Inc. (3924); CSCBD, Inc. (2448); URS Leasing, Inc. (9072); UR VMS, LLC (4904); UR Vehicle Management Solutions, Inc. (0402). The Debtors' mailing address is c/o Old Towing Company, 9550 Bormet Drive, Suite 301, Mokena, Illinois 60448.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2. Notwithstanding section 349 of the Bankruptcy Code, all orders of this Court entered in ~~the~~ any of the above-captioned Chapter 11 Cases on or before the entry of this ~~Final Dismissal~~ Order (including, but not limited to, the Sale Order[3]) shall remain in full force and effect (including, without limitation, any releases, injunctions and successor liability provisions provided for therein) and shall survive the dismissal of any of these Chapter 11 Cases.

3. Effective immediately, the Debtors' retention of Young Conaway Stargatt & Taylor, LLP and Winston & Strawn LLP as bankruptcy counsel shall be terminated without the need for further action on the part of this Court, the Debtors or such firms.

4. Pursuant to sections 105(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6007, to the extent not previously authorized, the ~~Debtors~~ Dismissed Debtor(s) is (are) authorized, but not directed, to abandon and destroy, or cause to be abandoned and destroyed, any and all of the Books and Records belonging to the Dismissed Debtor(s).

5. As soon as reasonably practicable after the entry of this Order, without the need for further action on the part of this Court and without the need for further corporate action or action of the boards of directors or stockholders of the ~~Debtors~~Dismissed Debtor(s), to the extent not previously dissolved, the ~~Debtors~~Dismissed Debtor(s) shall be dissolved pursuant to applicable state law, and the ~~Debtors~~Dismissed Debtor(s) shall not be required to pay any taxes or fees in order to cause such dissolution. Any officer of the ~~Debtors~~Dismissed Debtor(s) is authorized to execute and file on behalf of the ~~Debtors~~Dismissed Debtor(s) all documents necessary and proper to effectuate and consummate the dissolution of the ~~Debtors~~Dismissed Debtor(s) in accordance with the laws of the states in which it (they) is (are) formed.

[3] For purposes of this Order, the term "Sale Order" shall include not only the Sale Order as defined in the Motion, but also that certain *Supplemental Order (I) Approving Asset Purchase Agreement and Authorizing Sale of Certain Assets of Debtors' Outside the Ordinary Course of Business; (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (III) Authorizing the Assumption, Sale, and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief* [D.I. 279] entered on April 27, 2017.

6. The ~~Debtors~~ Dismissed Debtor(s) is (are) hereby authorized and empowered to take any and all steps necessary and appropriate to effectuate the terms of this Order.

7. To the extent applicable, Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure are waived and this Order shall be effective and enforceable immediately upon entry.

8. Notwithstanding the dismissal of these Chapter 11 Cases, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation of this or any other Order of this Court entered in the Chapter 11 Cases.

Dated: ______________________, 2017
Wilmington, Delaware

____________________________________
LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

Document comparison by Workshare Compare on Friday, May 26, 2017 3:03:05 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://WORKSITE02/YCST01/21949360/1 |
| Description | #21949360v1<YCST01> - URT - Order to Dismissing Chapter 11 Cases [AS FILED] |
| Document 2 ID | interwovenSite://WORKSITE02/YCST01/21949360/4 |
| Description | #21949360v4<YCST01> - URT - Order to Dismissing Chapter 11 Cases [REVISED] |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| ~~Deletion~~ | |
| ~~Moved from~~ | |
| Moved to | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 40 |
| Deletions | 39 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 79 |